**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUANITA FRANKLIN, as Administrator of the ESTATE OF MALCOLM FRANKLIN, | ) ) ) | |
| Plaintiff, | ) ) | No. 15-cv-6946 |
| v. | ) ) ) | |
| VILLAGE OF DOLTON, a municipal corporation, and OFFICER JEFFERY DEVRIES, in his individual capacity, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiff, JUANITA FRANKLIN, as Administrator of the ESTATE OF MALCOLM FRANKLIN, by and through her attorney, ROBISON LAW, LLC, complains of Defendants VILLAGE OF DOLTON, and JEFFERY DEVRIES and states as follows:

**JURISDICTION & VENUE**

1. The incident leading to this Complaint occurred on or about August 9, 2014 in the Village of Dolton and/or City of Harvey, County of Cook, Illinois.[1]

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Malcolm Franklin's rights as secured by the United States Constitution.

3. This Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a), and supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) as all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

---

[1] The incident occurred on the border of Dolton and Harvey. Counsel's research indicates the death of Malcolm Franklin occurred in Harvey; however, the location was described as Dolton in some media reports. Plaintiff includes both locations given this ambiguity.

**PARTIES**

5. Malcolm Franklin, deceased, was a twenty-two year old African American resident of the Village of Dolton, County of Cook, Illinois and the son of Plaintiff Juanita Franklin, who sues on his behalf. Plaintiff has begun the process of opening an estate for her son and will be appointed administrator.

6. At the time of the incident Defendant Village of Dolton was the employer of Defendant Devries. The Village of Dolton is sued based on a theory of *respondeat superior* on the state law claims.

7. Defendant Village of Dolton is the indemnifying entity for the actions taken by Defendant Devries and is being sued on an indemnification theory.

8. At the time of the incident Defendant Devries, who is sued in his individual capacity, was acting under color of law and within the course and scope of his employment as a sworn police officer for the Village of Dolton.

**FACTS**

9. On Saturday, August 9, 2014, Malcolm Franklin was a passenger in a vehicle being stopped by Defendant Devries.

10. Mr. Franklin got out and ran away from the vehicle when it made a stop. Defendant Devries ignored the car, which drove away, and pursued Mr. Franklin.

11. Within seconds Mr. Franklin was shot dead by Defendant Devries without cause or provocation. Defendant Devries' use of force was unreasonable and excessive under the circumstances.

12. Defendant Devries shot Mr. Franklin at least two times in the back of his body despite the fact that Mr. Franklin posed no immediate threat to any officer or civilian.

13. Defendant Devries, together with co-conspirators not currently party to this suit, jointly agreed and/or conspired to draft false and incomplete police reports – as well as providing false and incomplete facts to the public and certain supervising personnel – by claiming Mr. Franklin placed Defendant Devries in imminent fear of bodily harm in order to cover up his misconduct and justify his actions.

14. As a direct and proximate result of Defendant Devries' misconduct, Mr. Franklin and his family suffered severe grief, injury, pain and suffering, mental distress, expenses, and the loss of love, affection, society, companionship and consortium, as well as other injuries due to Mr. Franklin's untimely death.

## COUNT I
## 42 U.S.C. § 1983 Claim for Excessive Force and/or Unconstitutional Seizure

15. Each paragraph of this Complaint is incorporated herein.

16. The actions of Defendants Devries in shooting Mr. Franklin in the back with a firearm without just cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, enforceable against the states and their municipalities through the Fourteenth Amendment, and caused the injuries set forth above.

17. The aforementioned actions of Defendant Devries were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiff's injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages, and because Defendant Devries acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## COUNT II
### State Law Claim for Wrongful Death

18. Each paragraph of this Complaint is incorporated herein.

19. His parents, who constitute his sole heirs under Illinois law, survive Mr. Franklin.

20. Mr. Franklin was pronounced dead on August 9, 2014.

21. The wrongful death of Mr. Franklin was proximately caused by the willful and wanton conduct of Defendant Devries in violation of 740 ILCS § 180 *et seq*.

22. Defendant Devries' wrongful conduct was the direct and proximate cause of injury and damage to Mr. Franklin and his Estate.

23. As next of kin, Mr. Franklin is survived, by Juanita Franklin, his mother; William Franklin Sr., his father; and, William Franklin Jr., his brother, who lost and will continue to lose, pecuniary support, consortium, society, and companionship. Likewise, all family members have suffered the grief and sorrow from the loss of the love and affection of and for Mr. Franklin, and the Estate has incurred funeral and burial experiences as a proximate result of his wrongful death.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages, and because Defendant Devries acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT III
### State Law Survival Claim

24. Each paragraph of this Complaint is incorporated herein.

25. As a direct and proximate result of the wrongful actions of Defendant Devries, as set forth above, Mr. Franklin suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as he was dying from the gunshot wounds

inflicted by Defendant Devries, subjecting Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages, and because Defendant Devries acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT IV
### State Law Claim for Funeral Expenses

26. Each paragraph of this Complaint is incorporated herein.

27. As a direct and proximate result of the actions of Defendant Devries, as set forth above, acting within the scope of his employment with the Village of Dolton, Plaintiff and the Estate of Mr. Franklin did sustain losses in the form of funeral and burial expenses.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages, and because Defendant Devries acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT V
### State Law Claim for Intentional Infliction of Emotional Distress

28. Each paragraph of this Complaint is incorporated herein.

29. Defendant Devries engaged in extreme and outrageous behavior as detailed above.

30. Defendant Devries intended his conduct to inflict severe emotional distress upon Mr. Franklin and his heirs and knew that his conduct would cause Mr. Franklin and his family severe emotional distress and/or he was aware of a high probability that his actions would cause Mr. Franklin and his family severe emotional distress.

31. As a direct and proximate result of Defendant Devries' outrageous conduct, Mr. Franklin and his Estate were injured and suffered actual damages.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages, and

because Defendant Devries acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VI
## State Law Claim for Battery

32. Each paragraph of this Complaint is incorporated herein.

33. Defendant Devries knowingly and without legal justification caused bodily harm to Mr. Franklin by shooting and killing him, thereby committing battery under Illinois law.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages, and because Defendant Devries acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VII
## State Law Claim for Respondeat Superior Against Defendant Village of Dolton

34. Each paragraph of this Complaint is incorporated herein.

35. Defendant Devries was, at all times material to this Complaint, an employee and agent of the Defendant Village of Dolton acting within the scope of his employment. Defendant Village of Dolton is liable for the acts of Defendant Devries, which violated state law under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from the Village of Dolton plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VIII
## 745 ILCS 10/9-102 Claim Against Defendant Village of Dolton

36. Each paragraph of this Complaint is incorporated herein.

37. Defendant Village of Dolton was the employer of Defendant Devries at all times relevant to this Complaint.

38. Defendant Devries committed the acts alleged above under the color of law and in the scope of his employment as an employee of the Village of Dolton, and the Village is liable for his actions pursuant to 745 ILCS 10/9-102.

WHEREFORE, pursuant to 745 ILCS 10/9-102, should Defendant Village of Dolton and/or Defendant Devries be found liable on one or more of the claims set forth herein, Plaintiff demands that Defendant Village of Dolton be found liable for any judgment – other than punitive damages – she obtains thereon.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims.

Respectfully submitted,

s/Matthew Robison
Attorney for Plaintiff
Attorney No. 6291925

Matthew Robison
ROBISON LAW, LLC
140 S. Dearborn St., Suite 404
Chicago, IL 60603
773.672.7400 (phone/fax)
matthew@brchicago.com